**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OSCAR RICARDO MEJIA IBANEZ;
MARIA DE LOURDES PULIDO
ARREOLA; M. M. P.; O. A. M. P.,

       Petitioners,

  v.

PAMELA BONDI, Attorney General,

       Respondent.

No. 25-880

Agency Nos.
A203-593-341
A088-040-422
A203-593-342
A203-593-343

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025[**]
San Francisco, California

Before: MURGUIA, Chief Judge, FORREST, Circuit Judge, and COLLINS,
District Judge.[***]

Oscar Ricardo Mejia Ibanez, his partner Maria de Lourdes Pulido Arreola,

and their two minor children M. M. P. and O. A. M. P. ("Petitioners"), natives and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") final decision affirming the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Mejia Ibanez is the lead applicant, and Petitioners' applications are based on the same facts. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition for review.

1.      Substantial evidence supports the agency's finding that Petitioners failed to establish a nexus between their past harm and a protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A) (asylum), 1231(b)(3)(A) (withholding of removal). The unknown persecutors that harmed and attempted to extort Mejia Ibanez were motivated by money rather than Mejia Ibanez's membership in his family or as a "business owner." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023) (explaining that no nexus exists where a persecutor's motive is solely for money and not actual animus against a protected characteristic); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.      Substantial evidence supports the agency's finding that Petitioners do not

have an objectively reasonable fear of future persecution in Mexico. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3). Petitioners did not establish that they could not safely and reasonably relocate within the country to avoid future persecution because their fear was based on general crime in the country. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("Relocation is generally not unreasonable solely because the country at large is subject to generalized violence.").

3.      The agency did not err in declining to reach the remaining eligibility criteria after making the dispositive findings that Petitioners did not establish a nexus between past harm and a protected ground and a reasonable fear of future persecution. The agency was not required to make findings on issues that were unnecessary to its decision on Petitioners' applications. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because this Court is limited to the grounds relied upon by the agency, we also do not reach these issues. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

4.      Substantial evidence supports the agency's finding that Petitioners do not qualify for CAT relief because they failed to show that they will more likely than not be tortured if removed to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioners did not show that they are subject to a particularized risk of harm. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that evidence of a risk of torture must be particularized to

the applicant and that "generalized evidence of violence and crime . . . is insufficient to meet this standard").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. Petitioners' motion for a stay of removal (Dkt. No. 3) is otherwise denied.